**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEJAZI LAW GROUP**
Ashkan Hejazi (SBN: 296827)
ash@hejlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (949) 207-9757
Facsimile:  (866) 383-1008

[Additional Plaintiff's counsel on Signature Line]

*Attorneys for Plaintiff*,
Monir Mirshafiei

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONIR MIRSHAFIEI,**<br><br>  Plaintiff,<br><br>  v.<br><br>**LEGAL RECOVERY LAW OFFICES, INC.,**<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

**COMPLAINT FOR DAMAGES**          PAGE 1 OF 12

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. MONIR MIRSHAFIEI ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LRLO" or "Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Because Defendant does business within the State of California, is incorporated in the State of California, and its principal place of business is in the County of San Diego, State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Laguna Niguel, County of Orange, State of California.

14. Defendant, LRLO, is located in the City of San Diego, in the State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"

as that term is defined by 15 U.S.C. §1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to February 26, 2010, Plaintiff allegedly incurred financial obligations to Washington Mutual Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(6).

21. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

23. Subsequently, the alleged debt was allegedly assigned, placed, transferred, or sold to Arrow Financial Services, LLC, for collection.

24. Subsequently, but before February 26, 2010, Defendant, Arrow Financial

Services, LLC, a debt collector pursuant to the FDCPA, retained Defendant, LRLO, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

25. Pursuant to the instructions of Arrow Financial Services, LLC, Defendant, LRLO, in the name of Arrow Financial Services, LLC, filed a state collection case (hereinafter referred to as the "state action") against Plaintiff on February 26, 2010, in the Laguna Hills Superior Court based on Plaintiff's consumer account that was allegedly in default, Case No. 30-2010-00348310.

26. Defendant filed a Proof of Service of Summons with the Court on April 12, 2010, indicating that Plaintiff Monir Mirshafiei was served the Summons and Complaint of the state action by substitute service on April 7, 2010. However, the purported address of service was an address that Plaintiff had not resided at since sometime in 2008, as the property was foreclosed on July 14, 2008, and new owners purchased the property on December 5, 2008.

27. Plaintiff was never aware of Defendant's attempts to effectuate service upon Plaintiff, nor was Plaintiff aware of the lawsuit pending against Plaintiff in the state action.

28. Thereafter, on June 3, 2010, when Plaintiff did not answer the state action complaint, Defendant filed an Entry of Default for a Judgment, and based on the Defendant's misrepresentations to the Court, the State Court entered a Default Judgment against Plaintiff on August 6, 2010.

29. Sometime prior to September 2, 2014, Plaintiff was made aware of the Default Judgment entered against her and became aware of the existence of state action seeking to recover $6,269.91 from Plaintiff.

30. Sometime prior to September 2, 2014, Plaintiff retained Plaintiff's counsel to file a Motion to Set Aside Default and Default Judgment, Quash Service of Summons and Request for Monetary Sanctions in the State Court.

31. On September 2, 2014, Plaintiff's counsel filed a Motion to Set Aside Default and Default Judgment and Quash Service of Summons, and Request for Monetary Sanctions, in the Superior Court of California, County of Orange, Central Justice Center.

32. On September 17, 2014, Defendant filed an Opposition to Relief from Default stating that Plaintiff failed to establish strong and convincing evidence to rebut the presumption that defendant was served the summons and complaint by substitute service.

33. After filing its Opposition to Plaintiff's Motion in the State action, Defendant submitted a "Service Issue Investigation Report" on September 18, 2014, which indicated that, "After a diligent search, the service address does not appear to have been the Defendant's address of record at the time of service."

34. This matter came for hearing on October 2, 2014, in Department C-63 before Judge Corey S. Cramin in the Superior Court of California, County of Orange, Central Justice Center.

35. The Court granted the Motion to Set Aside Default and Default Judgment and Quash Service of Summons, and ordered judgment against Monir Mirshafiei vacated.

36. Thereafter, on October 10, 2014, Monir Mirshafiei, through counsel, promptly filed her Answer to the Complaint, and paid the Answer filing fee of $225.

37. On October 10, 2014, Plaintiff also propounded discovery and Noticed a Deposition of Arrow Financial Services, LLC's Person Most Knowledgeable to take place on November 12, 2015.

38. On October 31, 2014, Plaintiff's counsel wrote a meet and confer letter to Defendant, to inform Defendant that Defendant had not responded to Monir Mirshafiei's Demand for Bill of Particulars propounded on Arrow Financial Services, LLC, Defendant's client, on October 10, 2014, to which responses were due October 27, 2014. Thereafter, Defendant never responded to

Plaintiff's counsel's letter or responded to the Demand for Bill of Particulars.

39. Thereafter, on November 12, 2014, the deposition of Arrow Financial Services, LLC's Person Most Knowledgeable was to take place at Plaintiff's counsel's office at 10:00 a.m., per the deposition notice served on Defendant on October 10, 2014. However, no one from Arrow Financial Services, LLC showed up, nor their attorneys from Defendant's office.

40. Thus, on November 12, 2014, Plaintiff's counsel waited until 10:25 a.m. and still no one had showed up. Plaintiff's counsel called John Goodman, Attorney at Defendant's office who informed Plaintiff's counsel that no one would be showing up to the scheduled deposition. Attorney John Goodman informed Plaintiff's counsel that Defendant had filed a dismissal without prejudice. John Goodman also informed Plaintiff's counsel that the dismissal was stamped as of November 12, 2014, although received by the Court on November 4, 2014.

41. Defendant never called or emailed Plaintiff's counsel prior to November 12, 2014, to inform Plaintiff's counsel of the dismissal, nor did Defendant mail Plaintiff's counsel a copy of the dismissal prior to November 12, 2014.

42. As of November 12, 2014, the dismissal, without prejudice, was not on the Court's docket, as to indicate to Plaintiff's counsel to take the deposition off calendar.

43. Thus, on November 12, 2014, the Court reporter, who was present and ready to take the deposition of Arrow Financial Services, LLC's Person Most Knowledgeable, took an affidavit of non-appearance of Arrow Financial Services, LLC's Person Most Knowledgeable. Plaintiff's counsel stated for the record that there was a non-appearance and described the conversation that transpired on November 12, 2014 between Plaintiff's counsel, Gouya Ranekouhi, and John Goodman, an attorney at Defendant's office. The same was reported verbatim by the Court reporter.

44. Through this action, Defendant caused Plaintiff to incur further litigation fees and costs.

45. It was never the intent of Defendant to proceed with litigation, and Defendant's conduct was only meant to cause Plaintiff further expenses and coerce a settlement.

46. Defendant only dismissed the state action against Plaintiff one month after Plaintiff successfully set aside the Default Judgment, Answered the Complaint, Propounded Discovery, and Noticed a Deposition of Arrow Financial Services, LLC's Person Most Knowledgeable.

47. On information and belief, Defendant knew Defendant's corporate client Arrow Financial Services, LLC had gone out of business, yet Defendant continued to litigate the state action knowing Defendant had no client to represent and no case to proceed with.

48. On information and belief, Arrow Financial Services, LLC's status in California shows as "Cancelled" per California's Secretary of State's "Business Entity Detail Online Database, and has been "cancelled" since sometime before November 7, 2014.

49. Defendant's conduct of filing the dismissal of the case against Plaintiff *without prejudice* sometime on or before November 12, 2014, after Plaintiff had successfully set aside the Default Judgment and Answered the Complaint on October 10, 2014, and incurred legal fees and costs to do so, thereby subjected Plaintiff to a future threat of litigation and denied Plaintiff the ability to vindicate herself through the state action.

50. Defendant never intended to take the action to trial, but used the threat of litigation as a debt collection tactic to collect the alleged debt from Plaintiff through false, deceptive, and misleading means and threats to take action Defendants never intended to take.

///

51. Thereafter, on April 23, 2015, "Maribelle Tofolla" from Defendant's office called Plaintiff's counsel from telephone number (800) 785-4001, Ext. 8325, informing Plaintiff's counsel that Defendant's office was calling to collect an amount owed to Arrow Financial Services, LLC by Plaintiff, in the amount of $11,239.51.

52. The purpose of the filing of the state action was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to pay the alleged debt, however, Plaintiff was never even served with the Summons and Complaint to begin with, and Defendant obtained a Default Judgment against Plaintiff. .

53. In the complaint filed in state court, Defendants stated that Plaintiff had entered into an account stated "in writing" when, in fact, Defendant, knew or should have known that this was untrue, and that no such writing existed. This communication to Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

54. Through all the conduct as alleged above, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

55. Through all the conduct as alleged above, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

56. Through all the conduct as alleged above, Defendant attempted to collect an amount not authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

57. Through all the conduct as alleged above, Defendant threatened to take action that cannot be legally taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

58. Through all the conduct as alleged above, Defendant made false or misleading representations regarding the character, amount of legal status of the alleged debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(a).

59. Through all the conduct as alleged above, Defendant engaged in conduct, the natural consequence of which was to harass the Plaintiff. Consequently, Defendant violated 15 U.S.C. § 1692d.

60. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant has continued their collection efforts.

61. Through all the above-mentioned conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692d; 1692e; 1692e(2)(a); 1692e(5); 1692e(10); 1692f; and 1692f(1).

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §§ 1692 ET SEQ.**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and,
- any and all other relief that this Court deems just and proper.

Dated: June 3, 2015                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ____/s/ Gouya Ranekouhi____
Abbas Kazerounian, Esq.
Gouya Ranekouhi, Esq.
Attorneys for Plaintiff

[Additional Plaintiff's Counsel]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**TRIAL BY JURY**

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 3, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ____/s/ Gouya Ranekouhi____
Abbas Kazerounian, Esq.
Gouya Ranekouhi, Esq.
Attorneys for Plaintiff